IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MONTBLANC-SIMPLO GMBH, )
)
    Plaintiff, )
)
v. ) 1:17-cv-415 (LMB/TCB)
)
MIROSLAV ILNITSKY, )
)
    Defendant. )

ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on January 25, 2018 [Dkt. No. 43], which recommended that plaintiff Montblanc-Simplo GmbH's ("plaintiff" or "Montblanc") Motion for Default Judgment [Dkt. No. 39] be granted and that default judgment be entered against defendant Miroslav Ilnitskiy ("defendant" or "Ilnitsky") on Counts 2, 3, and 4 of the First Amended Verified Complaint. See Report at 26-27. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived the right to appeal any judgment based on the Report. Id. at 28. As of February 12, 2018, no party has filed an objection. The Court has reviewed the Report, plaintiff's motion for default judgment, and the case file and adopts the Report in full.

The magistrate judge correctly determined that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it involves federal questions arising under the Copyright Act and the Lanham Act. Report at 2. The magistrate judge also correctly concluded that this Court has personal jurisdiction over Ilnitskiy because Ilnitskiy "set up an interactive e-commerce website and social media accounts accessible to Virginia residents" and used these "websites and accounts to individually communicate with, receive

payment from, and ship counterfeit products to at least one customer in Virginia." Id. at 4. Moreover, the magistrate judge correctly concluded that venue is appropriate in this district under 28 U.S.C. § 1391(b)(2) because a substantial portion of the activity described in the Complaint has taken place in this district. Id. Lastly, the magistrate judge has correctly concluded that plaintiff properly served Ilnitskiy by publishing notice of the action and emailing notice to eight email accounts associated with Ilnitskiy. Id. at 5-6. Moreover, Ilnitskiy apparently responded at least twice to plaintiff's notice-related emails, indicating that he has received actual notice of the litigation. Id. at 6 n.3.

The Court finds that the magistrate judge correctly determined that plaintiff has pleaded the requirements for obtaining relief under the Copyright Act and the Lanham Act, by pleading that it owns the copyrights and trademarks in a variety of images, words, and expressions and that defendant has used those copyrights and trademarks to replicate plaintiff's website and sell counterfeit replicas of plaintiff's products. Report at 8-10. Moreover, the magistrate judge correctly found that plaintiff has adequately pleaded that it has registered various marks as trademarks with the U.S. Patent and Trademark Office, that defendant has knowingly and intentionally produced counterfeit versions of plaintiff's marks, that defendant's use of these marks occurred in connection with the distribution of goods, and that defendant's use of the marks is likely to confuse consumers, all in violation of the Lanham Act. Id. at 10-15. Additionally, the magistrate judge correctly found that plaintiff has adequately pleaded that it owns the Montblanc Works copyright and that defendant "replicated Montblanc Works and displayed them during his promotion and sale of counterfeit Montblanc Products," in violation of the Copyright Act. Id. at 15-16.

Accordingly, the magistrate judge's recommendation that plaintiff is entitled to relief under the Copyright Act and the Lanham Act is fully supported, as is the recommendation that plaintiff is entitled to statutory damages, injunctive relief, and prejudgment and postjudgment interest. Id. at 16-26.

The recommendation that despite plaintiff's request for attorney's fees and costs, plaintiff has not provided adequate information about the fees and costs it has incurred to allow the Court to include such an award in the default judgment is also fully supported, and plaintiff has not objected to that recommendation. Id. at 17 n.4.

Accordingly, the Report is ADOPTED, plaintiff's Motion for Default Judgment [Dkt. No. 39] is GRANTED, and it is hereby

ORDERED that default judgment be and is entered against defendant Miroslav Ilnitskiy on Counts 2, 3, and 4 of the First Amended Complaint in the total amount of $32,150,000.00 (consisting of $150,000 in statutory damages for violations of the Copyright Act and $2 million in statutory damages for each of the 16 identified trademark violations under the Anticounterfeiting Consumer Protection Act), with prejudgment interest calculated in accordance with Va. Code § 6.2-302 and accruing from August 17, 2015 until the date of entry of judgment and postjudgment interest calculated in accordance with 28 U.S.C. § 1961 and accruing from the date of entry of judgment; and it is further

ORDERED that Count 1 be and is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that defendant Miroslav Ilnitskiy, together with all those in active concert or participation with him, is enjoined from copying, distributing, altering, displaying, hosting,

selling and/or promoting copyright protected images and websites authored or owned by plaintiff (the "Montblanc Works"); and it is further

ORDERED that defendant Miroslav Ilnitskiy, together with all those in active concert or participation with him, is enjoined from using any copy or colorable imitation of any mark registered to plaintiff with the United States Patent and Trademark Office (the "Montblanc Marks"), including but not limited to the marks identified in Paragraphs 24 and 26 and Schedules B and C of the First Amended Verified Complaint, which is attached to this Order, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, printing, importation, production, circulation, or distribution of any product or service, in such fashion as to relate or connect such product in any way to Montblanc, or to any goods sold, manufactured, sponsored, approved by, or connected with Montblanc; and it is further

ORDERED that defendant Miroslav Ilnitskiy, together with all those in active concert or participation with him, is enjoined from engaging in any other activity constituting unfair competition with Montblanc, or constituting an infringement of the Montblanc Marks or the Montblanc Works, or constituting any damage to Montblanc's name, reputation, or goodwill; and it is further

ORDERED that any person or entity in active concert or participation with defendant Miroslav Ilnitskiy and with notice of the injunction, including any Internet search engines, web hosting and Internet service providers, domain name registrars (including, but not limited to, eNom, Inc.), domain name registries, email service providers (including, but not limited to, Google), social media network operators (including, but not limited to, Instagram, LLC and VKontakte), and payment processors (including, but not limited to, Paypal), cease facilitating access to any or all domain names, websites, accounts, and services through which defendant

engages in unlawful access to, use, reproduction, distribution, and sale of the Montblanc Works or Montblanc Marks or goods bearing the Montblanc Marks, including without limitation all such domain names, websites, accounts, and services identified in the First Amended Verified Complaint and Exhibit A thereto, which is attached to this Order.

The Clerk is directed to enter judgment in plaintiff's favor pursuant to Fed. R. Civ. P. 55 and forward copies of this Order to counsel of record and defendant, pro se.

Entered this 13th day of February, 2018.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge